G. Peter Clark (GC-5489)
Kauff McClain & McGuire LLP
950 Third Avenue – 14th Floor
New York, New York 10022-2773
Tel. 212.909.0710
Attorneys for Defendant
Document Technologies LLC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

| | |
|---|---|
| OUMIE CEESAY, | Case No. 1:07-CV-11268 (SHS) (KNF) |
| Plaintiff, | ANSWER TO COMPLAINT |
| - against - | |
| DOCUMENT TECHNOLOGIES, INC., | |
| Defendant. | |

-----------------------------------------------------------------X

Defendant Document Technologies, LLC, also known as Document Technologies, Inc., by its attorneys Kauff McClain & McGuire LLP, hereby answers the enumerated paragraphs of the Complaint in the above-captioned case, as follows:

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of this allegation.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of this allegation.

3. Defendant denies knowledge or information sufficient to form a belief as to the truth of this allegation.

- 1 -

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of this allegation; except that, Defendant admits that Plaintiff was over the age of 40 at the times relevant to the allegations of the Complaint.

5. Admitted.

6. Admitted.

7. Admitted.

8. Defendant denies knowledge or information sufficient to form a belief as to the truth of this allegation.

9. Denied.

10. Denied.

11. through 17. Defendant denies knowledge or information sufficient to form a belief as to the truth of these allegations.

18. Denied; except that Defendant was hired for the position of shift manager on December 15, 2002 and began work in that position on or about January 10, 2003.

19. Denied; except that Defendant admits that Plaintiff was promoted to the position of production manager effective on or about April 7, 2003.

20. Defendant admits that Plaintiff's annual salary was increased from $50,000 to $60,000 with her April 7, 2003 promotion to the position of production manager.

21. Admitted.

4820-6135-3730.1

22.     Admitted.

23. through 30.  Defendant denies knowledge or information sufficient to form a belief as to the truth of these allegations.

31. through 61.  Denied

62.     Denied; except that Defendant admits and avers that Plaintiff accepted a voluntary transfer from the company's midtown Manhattan facility, in lieu of a lay off due to on-going reductions in force in the company's New York City operations, to the position of post-processing specialist at the company's Broad Street, Manhattan facility effective March 20, 2006, with an annual salary of $45,000 that was effective April 1, 2006.

63. through 71.  Denied.

73.     Denied; and Defendant avers that Anthony Paolini was laid off due to Defendant's on-going reduction-in-force on or about July 25, 2006.

74.     Denied; and Defendant avers that Plaintiff was laid off due to Defendant's on-going reduction-in-force on or about July 26, 2006.

75.     Denied; except that Defendant admits that Plaintiff was offered severance benefits conditioned upon her execution of a release of claims, and Defendant directs the Court to the written severance offer for its terms.

76.     Defendant denies knowledge or information sufficient to form a belief as to the truth of this allegation; except that, Defendant admits that Plaintiff did not accept the severance benefits offered and did not execute a release of claims.

77.     Denied.

78. Denied.

79. Defendant repeats and realleges its answers contained in the paragraphs above as if separately set forth herein.

80. Denied; except that Defendant admits that Plaintiff is over the age of 40.

81. Admitted.

82. Denied.

83. Denied.

84. Defendant repeats and realleges its answers contained in the paragraphs above as if separately set forth herein.

85. Denied; except that Defendant admits that Plaintiff is over the age of 40.

86. Admitted.

87. Denied.

88. Denied.

89. Defendant repeats and realleges its answers contained in the paragraphs above as if separately set forth herein.

90. Denied; except that Defendant admits that Plaintiff is over the age of 40.

91. Admitted.

92. Denied.

- 4 -

93. Denied.

94. Defendant repeats and realleges its answers contained in the paragraphs above as if separately set forth herein.

95. Defendant denies knowledge or information sufficient to form a belief as to the truth of this allegation.

96. Denied.

97. Denied.

98. Defendant repeats and realleges its answers contained in the paragraphs above as if separately set forth herein.

99. Defendant denies knowledge or information sufficient to form a belief as to the truth of this allegation.

100. Denied.

101. Denied.

102. Defendant repeats and realleges its answers contained in the paragraphs above as if separately set forth herein.

103. Defendant denies knowledge or information sufficient to form a belief as to the truth of this allegation.

104. Denied.

105. Denied.

106. Defendant repeats and realleges its answers contained in the paragraphs above as if separately set forth herein.

107. Defendant denies knowledge or information sufficient to form a belief as to the truth of this allegation.

108. Admitted.

109. Denied.

110. Denied.

### FIRST AFFIRMATIVE DEFENSE

The allegations of the Complaint are barred by the applicable statutes of limitations.

### SECOND AFFIRMATIVE DEFENSE

The allegations of the Complaint fail to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's demand for a trial by jury should be stricken as to all claims not triable to a jury.

### FOURTH AFFIRMATIVE DEFENSE

The allegations of the Third and Sixth Causes of Action (paragraphs 88 through 92 and 101 through 104 of the Complaint) are barred because Plaintiff has failed to satisfy the administrative pre-requisites of the New York City Human Rights Law, particularly Section 8-

502.c of the Administrative Code of the City of New York.

### FIFTH AFFIRMATIVE DEFENSE

The allegations of the Complaint are barred because Plaintiff failed during the period of her employment to avail herself of the confidential complaint procedure and remedies available to her through Defendant's <u>Policy Against Discrimination, Harassment and Retaliation</u>.

### SIXTH AFFIRMATIVE DEFENSE

Assuming, without conceding, that Plaintiff has suffered the injuries alleged, Plaintiff is barred from any recovery because, upon information and belief, Plaintiff has failed to mitigate her alleged damages.

Now, therefore, Defendant requests that the Complaint be dismissed in its entirety, that Defendant be awarded its costs of suit, disbursements and reasonable attorney's fees in the defense of this action, and such other and further relief as may be warranted.

Dated:  April 30, 2008 at
        New York, New York.

                              Respectfully submitted,

                              KAUFF McCLAIN & McGUIRE LLP
                              Attorneys for Defendant
                              Document Technologies, LLC


                              By:   /s/ G. Peter Clark
                                    G. Peter Clark (GC-5489)

                              950 Third Avenue, 14th Floor
                              New York, New York 10022-2773
                              Tel. (212) 909-0710

4820-6135-3730.1